| | |
|---|---|
| DISTRICT COURT, WELD COUNTY, COLORADO<br><br>Court Address:  901 9th Avenue<br>Greeley, CO 80631 | DATE FILED: May 30, 2019 3:10 PM<br>FILING ID: 6EFF6621CA63F<br>CASE NUMBER: 2019CV30490 |
| **Plaintiff:**   RITA BALDERES<br><br>v.<br><br>**Defendant:**   UNIVERSITY OF NORTHERN COLORADO | |
| | ▲ COURT USE ONLY ▲ |
| Attorneys (for Plaintiffs):<br><br>Name:      David Lichtenstein (#11408)<br>               Matt Molinaro (#47814)<br>               Kristina Rosett (#50309)<br>Address:   Law Office of David Lichtenstein, LLC<br>               1556 Williams Street, Suite 100<br>               Denver CO 80218-1661<br>Phone No.:  (303) 831-4750<br>Fax No.:    (303) 863-0835<br>E-mail:     dave@lichtensteinlaw.com<br>            matt@lichtensteinlaw.com<br>            kristina@lichtensteinlaw.com | Case Number: |
| **COMPLAINT** | |

Plaintiff Rita Balderes for her Complaint states:

1. Plaintiff Rita Balderes is a resident of Adams County, Colorado.

2. Defendant University of Northern Colorado is a state institution of higher education with its principal place of business in Weld County, Colorado.

**EXHIBIT A-1**

3. At all relevant times, Defendant UNC was covered by the definitions of "employer" set forth in 29 U.S.C. §203(d) of the Fair Labor Standards Act, 29 U.S.C. §203, *et seq*.

4. Venue is proper because Defendant UNC resides in Greeley County.

5. Ms. Balderes was hired by Defendant UNC on February 16, 2015.

6. Ms. Balderes was hired as an Environmental Health and Safety Specialist.

7. The Department of Environmental Health and Safety was comprised of two Environmental Health and Safety Specialists.

8. At all relevant times, Director of Environmental Health and Safety Glenn Adams supervised both Ms. Balderes and her male colleague. Until June 2017, Ms. Balderes performance was generally satisfactory.

9. Defendant UNC paid Ms. Balderes on a salary basis.

10. Defendant UNC classified Ms. Balderes as an exempt employee.

11. When Ms. Balderes first started her employment with Defendant UNC, she was not required to track her time.

12. On or around August 2017, Adams required Ms. Balderes to track her time, but limited her to showing no more than 40 hours per week on her time records.

13. Ms. Balderes typically worked between forty-five and fifty hours per week.

14. Adams was aware that Ms. Balderes regularly worked in excess of forty hours per workweek.

**EXHIBIT A-1**

15. During weeks when Ms. Balderes "on-call," she was required to respond to calls within thirty minutes. She typically responded to two calls per week, each of which required between one and four hours of her time.

16. Ms. Balderes and her male colleague both raised questions to Adams about whether they should be paid overtime for working in excess of forty hours per workweek.

17. Ms. Balderes did not exercise the requisite level of independent judgment to qualify as an exempt employee.

18. UNC characterized her position as "professional staff support" in its job description.

19. Ms. Balderes's work, such as any safety plan, was subject to approval by Adams.

20. One of Ms. Balderes's primary job duties was preparing safety plans

21. Ms. Balderes's work was based on published and well-known industry standards.

22. UNC listed the well-known industry standards in its job description: "Guidance is typically available as printed regulations, references, statutes, and policy, or as existing models (available through the Internet; computer-based programs/databases; technical publications - including trade and government; verbal and written communication with government representatives)."

23. Ms. Balderes did not have the authority to bind Defendant UNC.

## FIRST CLAIM FOR RELIEF
(Fair Labor Standards Act - Overtime)

24. Defendant UNC was required to pay Ms. Balderes time-and-a-half pay for hours she worked in excess of forty per workweek.

**EXHIBIT A-1**

25. Ms. Balderes worked in excess of forty hours per workweek frequently.

26. Ms. Balderes was not paid for the hours that she worked in excess of forty per workweek.

27. Defendants' violation of the FLSA was willful under 29 U.S.C. §255(a) because Defendants either knew or acted with a reckless disregard for the fact that Ms. Balderes was entitled to overtime under the FLSA.

28. Ms. Balderes is also entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, costs, and interest, all as contemplated by 29 U.S.C. §216(b) of the FLSA.

## PRAYER FOR RELIEF

Plaintiff Rita Balderes requests judgment in her favor against Defendant University of Northern Colorado for:

A. All amounts due to her for unpaid wages and compensation, including overtime compensation owed to her;

B. Liquidated damages under the FLSA;

C. Attorneys' fees;

D. Prejudgment and postjudgment interest;

E. Costs; and

F. Such other relief as the Court deems proper.

Dated: May 30, 2019

> This document, with original or scanned signatures, is available for inspection at the office of undersigned counsel.

**EXHIBIT A-1**

                <u>s/ Matt Molinaro</u>
                David Lichtenstein
                Matt Molinaro
                Kristina Rosett
                *Attorneys for Plaintiff*

Address of Plaintiff:

12124 Colorado Blvd.
Apt. i-306
Northglenn, CO 80241

**EXHIBIT A-1**